UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH EVANS,<br><br>        Plaintiff,<br><br>    v.<br><br>AQSEPTENCE GROUP, et al.<br><br>        Defendants. | Case No.: 1:17-mc-0023 - DAD - JLT<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED DOCUMENT |

Josh Evans initiated this action by filing a document entitled "Actio In Factum: Final Administrative Decision, Enforceable upon Filing and Return." (Doc. 1 at 1) For the following reasons, Mr. Evans is **ORDERED** to file an amended document, clarifying the claims and relief sought in the action.

**I.    Background**

On April 12, 2017, Mr. Evans paid a filing fee, and apparently indicated it was paid on behalf of Timothy James Myers, who he identifies as the "Claimant/Obligee." (Doc. 1 at 1)

Mr. Evans asserts that he "is a sworn public official, representing the State of California while having limited executive authority, conferred by the Secretary, to serve the People in a non-biased manner." (Doc. 1 at 1) He appears to allege that Timothy Myers entered into an agreement with Aqseptence Group, Mike Mehmert, and Cambria Breitkreutz—who Mr. Evans identifies as "Debtors/Obligors"—with the assistance of Mr. Evans. (*See id.* at 2-3) Mr. Evans asserts that he

1

"brings this action for filing, exemplification, and return of [the] record as a formally verified, authoritative and enforceable judicial instrument." (*Id.* at 4) Significantly, while it is less than clear what the agreement entailed, Mr. Evans makes clear that he, in fact, was not a party to the alleged agreement.

## II. Standing

As explained by the Supreme Court of the United States, "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "[T]he Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (quoting *Railway Mail Assoc. v. Corsi*, 326 U.S. 88, 93 (1945)). To satisfy the "case or controversy" requirement, a plaintiff must demonstrate standing under Article III to bring an action. *Human Life of Wash., Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010).

To establish standing, a plaintiff "must demonstrate (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in the plaintiff's favor." *Human Life,* 624 F.3d at 1000 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff must allege facts that support a conclusion that *he*, as opposed to other parties, has standing before the Court. Although the Court does not doubt Plaintiff's intent to help those he identifies as "the parties in fact," the information provided is insufficient to demonstrate satisfy the standing requirement.

## III. Representation of Others

The privilege to proceed *pro se* is personal and does not extend to act on the behalf of another person or entity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). "[A] non-attorney may appear only in her own behalf." *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). Thus, although a person who is not an attorney may appear pro se on his own behalf, see 28 U.S.C. § 1654, "he has no authority to appear as an attorney for others than himself." *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Because Mr. Evans appears to seek to enforce an agreement between other parties, if he is not an attorney, he unable to represent these parties.

### IV. Conclusion and Order

Significantly, the Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915(e)(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). Because the Court cannot determine what claims are being asserted or what Mr. Evans seeks to have the Court do, whether Mr. Evans has standing, or even whether it has jurisdiction, the document filed by Mr. Evans is inadequate. Accordingly, Mr. Evans will be granted leave to file an amended document curing the deficiencies identified by the Court. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to amend would be futile).

Based upon the foregoing, Mr. Evans is **ORDERED** to file an amended document addressing the claims presented, relief sought, his standing, and the Court's jurisdiction within fourteen days of the date of service. **Failure to file the amended document will result in a recommendation that the matter be dismissed for failure to prosecute and failure to comply with the Court's order**.

IT IS SO ORDERED.

Dated: **May 1, 2017**     /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE